UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bluefire Wireless, Inc.,<br><br>                  Plaintiff,<br><br>-against-<br><br>Cloud9 Mobile Communications, Ltd., Cloud9 Mobile Communications (Wholesale Services), Ltd., Cloud9 Mobile International, Ltd., Wire9 Telecom, Ltd., Cloud9 Mobile Communications PLC, David Sutton, Lee Jones, Jean Christophe Viguier, and Martin Holloway,<br><br>                  Defendants. | Case No. 09 CV 7268 (HB)(FM)<br><br>ECF CASE<br><br>DECLARATION OF DAVID SUTTON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

      I, DAVID SUTTON, am over the age of eighteen, have personal knowledge of, and am competent to testify to, the facts set forth below, and declare the following to be true and correct pursuant to 28 U.S.C. §1746:

      1.    I am a named defendant in this action and an employee, Wholesale Sales Manager, of Defendant Cloud9 Mobile Communications (Wholesale Services), Ltd. ("Cloud9 Wholesale").

      2.    I submit this Declaration in support of the joint application of Defendants for dismissal of Plaintiff's Complaint (1) pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(2) for lack of personal jurisdiction, or, alternatively, (2) pursuant to FRCP Rule 12(b)(3) for improper venue and *forum non conveniens*, or, alternatively, (3) pursuant to FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted.



This Court Does Not Have Personal Jurisdiction Over Me

      3.     I am a citizen of the United Kingdom who has resided at 41 Grenadier Road, Haverhill, Suffolk, United Kingdom since March 2001. I have never owned or leased real property located in New York.

      4.     I was never properly served, but I received a copy of Plaintiff's Complaint in the United Kingdom on or after July 20, 2009.

      5.     I have never personally had an office in New York, solicited business in New York, had bank accounts or other property in New York, or had employees or agents in New York.

      6.     I have never personally transacted business with the Plaintiff in New York or any other jurisdiction.

      7.     I have never personally contracted with Plaintiff anywhere to supply goods or services in New York or any other jurisdiction.

      8.     To the extent that Plaintiff's Complaint claims that I committed a tortious act, I deny it.

      9.     The only contact that I had with Plaintiff was in my capacity as Wholesale Sales Manager of Defendant Cloud9 Wholesale.

      10.    All of my contact with Plaintiff occurred while I was in the United Kingdom.

      11.    I never visited Plaintiff in New York.

      12.    I have never personally done or solicited business in New York, or engaged in any other persistent course of conduct, or derived substantial revenue from goods or services rendered in New York.



13. I had no reason to foresee any injury to Plaintiff in New York and I have never personally derived substantial revenue from interstate or international commerce.

**All Of The Claims In The Complaint Directly Relate
To A Contract Between Cloud9 Wholesale and Plaintiff**

14. Defendant Cloud9 Wholesale is not a retailer of mobile telephone communications goods or services, but rather sells mobile telephone communications goods and services wholesale to re-sellers, like Plaintiff.

15. Upon information and belief, in 2007, a separate defendant to Plaintiff's Complaint and a former director of Cloud9 Wholesale, Lee Jones, was contacted by Plaintiff about the possibility of Plaintiff purchasing wholesale mobile telephone communications goods and services from Defendant Cloud9 Wholesale.

16. Upon information and belief, Lee Jones met with representatives of Plaintiffs in the United Kingdom and Isle of Man to discuss Plaintiff's interest in purchasing wholesale mobile telephone communications goods and services from Cloud9 Wholesale.

17. Upon information and belief, Lee Jones communicated with Plaintiff via e-mail from the United Kingdom or Isle of Man about Plaintiff's interest in purchasing wholesale mobile telephone communications goods and services from Defendant Cloud9 Wholesale.

18. On or about May 15, 2007, Plaintiff entered into a contractual relationship with Defendant Cloud9 Wholesale pursuant to a Master Services Agreement ("Services Agreement") and Order Form.

19. Upon information and belief, until in or about October 2007, Lee Jones was the only contact for Plaintiff's account with Cloud9 Wholesale.



20. In or about October 2007, I took over the direct day to day management of Plaintiff's account from Lee Jones.

21. I represented Cloud9 Wholesale at various meetings with representatives of Plaintiff held in the United Kingdom regarding Plaintiff's account with Cloud9 Wholesale.

22. I communicated with Plaintiff via telephone and e-mail from the United Kingdom regarding Plaintiff's account with Cloud9 Wholesale.

23. The Services Agreement between Plaintiff and Cloud9 Wholesale provided Plaintiff with access to telecommunications technology that enabled Plaintiff to sell cheaper overseas mobile phone services to its mobile phone end users traveling outside of the United States.

24. Cloud9 Wholesale did not supply mobile telephone communications services directly to Plaintiff's end users, but rather supplied SIM cards with Plaintiff's name and artwork pre-printed, and support services to Plaintiff who defined the exact product features, tariffs, terms and conditions and then supplied its own mobile telephone end users directly or other re-sellers who always maintained ownership of the relationship with the end user. Plaintiff's customers (i.e., the mobile telephone end users) would have no reason to know about Cloud9 Wholesale or any of the other Defendants.

25. Plaintiff's own packaging specified to its end users that the mobile telephones sold by Plaintiff were intended for use by its end users while they were traveling outside of the United States. See Ex. A to this Declaration.

26. The provision of telecommunication services by Cloud9 Wholesale to Plaintiff occurred in the United Kingdom and Isle of Man where Cloud9 Wholesale's telecommunications systems are based.



27. Cloud9 Wholesale supplied SIM cards to Plaintiff in the United Kingdom either to a third party fulfillment house or directly to Plaintiff's United Kingdom offices.

28. Pursuant to the Services Agreement and Order Form, Plaintiff was obligated to pay fixed monthly rental and usage charges to Cloud9 Wholesale.

29. Cloud9 Wholesale created invoices for these fixed charges in the United Kingdom and/or Isle of Man and sent them to Plaintiff's offices in the United Kingdom.

30. Plaintiff wired payments to Cloud9 Wholesale's bank account in the United Kingdom or Isle of Man.

31. The Services Agreement clearly says that the Plaintiff and Defendant Cloud9 Wholesale agree that English Law would govern the Services Agreement and the parties would "submit to the <u>exclusive</u> jurisdiction of the English courts."

32. Until in or about February, 2009, Plaintiff used a branch office in England at 1 Liverpool Street, Suite 209, London, and previously at Borough High Street, London.

33. Earlier this year, the Plaintiff and Defendant Cloud9 Wholesale became involved in a dispute regarding past due invoices for telecommunications services provided to Plaintiff by Defendant Cloud9 Wholesale.

34. I contacted Plaintiff via e-mail from the United Kingdom about the past due invoices, and despite promises by Plaintiff that payments had been made, Plaintiff never paid the past due invoices.

35. I met with Ian Hicks, Indra Dragunaite and Karen Waters, representatives of Plaintiff, at Plaintiff's office on Liverpool Street in London on February 20, 2009 to try to get Plaintiff to pay its past due invoices.



36. When my efforts to get Plaintiff to pay its past due invoices failed, UK counsel for Defendant Cloud9 Wholesale contacted Plaintiff and received a response from UK counsel for Plaintiff.

37. After the dispute could not be resolved between <u>UK counsel</u> for Plaintiff and Defendant Cloud9 Wholesale, a claim was filed in the English Courts (the "UK Proceeding") by Defendant Cloud9 Wholesale pursuant to the forum selection clause in the Services Agreement.

38. I understand that Plaintiff has failed to appear in the UK Proceeding and that the English Court has ordered that Judgment be entered in favor of Defendant Cloud9 Wholesale in an amount to be decided by the English Court.

39. Instead of responding to the claims in the UK Proceeding, Plaintiff has filed this retaliatory action in New York with trumped up charges of misconduct by companies and individuals, including myself, that Plaintiff did not do business with in order to try and avoid the forum selection clause in the MSA.

40. Plaintiff is well aware that I was simply its account manager at Defendant Cloud9 Wholesale and I did nothing more than demand that Plaintiff pay its past due invoices.

41. In any event, all of the claims in Plaintiff's Complaint directly relate to the Services Agreement and Order between Plaintiff and Defendant Cloud9 Wholesale, and thus, are governed by the forum selection clause in the Services Agreement.

42. Plaintiff raised all of the claims in the Complaint through UK counsel earlier in the year, and Plaintiff has elected not to raise these claims in the UK Proceeding. Accordingly, this Court should not sanction Plaintiff's tactics in attempting to subvert the forum selection clause in the Services Agreement.


Individual Liability Is Not Present Here

43. The Services Agreement between Defendant Cloud9 Wholesale and Plaintiff was entered into to further the company's business and not to advance my purely personal ends.

44. None of the company Defendants acted as my agent for any purpose.

45. I did not commit any tortious acts in relation to Plaintiff, and Plaintiff's Complaint does not identify any specific tortious acts by me or any other director or employee of the named company defendants.

46. I did not exercise control over Cloud9 Wholesale or any of the other company Defendants in connection with the transaction of any business, including the Services Agreement, and it appears that I have been named as a Defendant for the sole reason that I was Plaintiff's account manager at Cloud9 Wholesale.

47. I am advised by counsel that, under these circumstances, individual liability is not present here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2009

14TH SEPT 09

_____
DAVID SUTTON



# EXHIBIT A

