UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bluefire Wireless, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Cloud9 Mobile Communications, Ltd., Cloud9 Mobile Communications (Wholesale Services), Ltd., Cloud9 Mobile International, Ltd., Wire9 Telecom, Ltd., Cloud9 Mobile Communications PLC, David Sutton, Lee Jones, Jean Christophe Viguier, and Martin Holloway, <br><br> Defendants. | Case No. 09 CV 7268 (HB)(FM) <br><br> ECF CASE <br><br><br> DECLARATION OF MARTIN HOLLOWAY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

I, MARTIN HOLLOWAY, am over the age of eighteen, have personal knowledge of, and am competent to testify to, the facts set forth below, and declare the following to be true and correct pursuant to 28 U.S.C. §1746:

1. I am a named defendant in this action and an employee of Defendant Cloud9 Mobile International, Ltd. ("Cloud9 International").

2. I submit this Declaration in support of the joint application of Defendants for dismissal of Plaintiff's Complaint (1) pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(2) for lack of personal jurisdiction, or, alternatively, (2) pursuant to FRCP Rule 12(b)(3) for improper venue and *forum non conveniens*, or, alternatively, (3) pursuant to FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This Court Does Not Have Personal Jurisdiction Over Me

3. I am a citizen of the United Kingdom who has resided at 19 Celtic Close, Higham Ferrers, Northamptonshire, NN10 8NX, United Kingdom since August 2006. I have never owned or leased real property located in New York.



4. I was never properly served, but I received a copy of Plaintiff's Complaint in the United Kingdom on or after July 20, 2009.

5. I have never personally had an office in New York, solicited business in New York, had bank accounts or other property in New York, or had employees or agents in New York.

6. I have never personally transacted business with the Plaintiff in New York or any other jurisdiction.

7. I have never personally contracted with Plaintiff anywhere to supply goods or services in New York or any other jurisdiction.

8. To the extent that Plaintiff's Complaint claims that I committed a tortious act, I deny it.

9. I never visited Plaintiff in New York.

10. I have never personally done or solicited business in New York, or engaged in any other persistent course of conduct, or derived substantial revenue from goods or services rendered in New York.

11. I had no reason to foresee any injury to Plaintiff in New York and have never personally derived substantial revenue from interstate or international commerce.

I Had Limited Contact With Plaintiff
<u>In My Capacity As An Employee Of Cloud9 International</u>

12. The only contact I had with Plaintiff was in my capacity as an employee of Defendant Cloud9 International who had no responsibility for Plaintiff's account with Defendant Cloud9 Mobile Communications (Wholesale Services), Ltd.



13. I have had very limited communications with Plaintiff, which always occurred while I was in the United Kingdom.

14. The only physical contact I had with Plaintiff occurred at meetings with Armand Ventura and/or Mark Fletcher of Plaintiff in London in or about February and March 2008 in order to make an introduction and conduct general business discussions.

<u>Individual Liability Is Not Present Here</u>

15. The Services Agreement between Defendant Cloud9 Wholesale and Plaintiff was entered into to further the company's business and not to advance my purely personal ends.

16. None of the company Defendants acted as my agent for any purpose.

17. I did not commit any tortious acts in relation to Plaintiff, and Plaintiff's Complaint does not identify any specific tortious acts by me or any other director or employee of the named company defendants.

18. I did not exercise control over Cloud9 Wholesale or any of the other company Defendants in connection with the transaction of any business, including the Services Agreement, and it appears that I have been named as a Defendant for the sole reason that I am an employee of Cloud9 Mobile International who had limited contact with Plaintiff.

19. I am advised by counsel that, under these circumstances, individual liability is not present here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2009

_____
MARTIN HOLLOWAY