UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bluefire Wireless, Inc.,<br><br>               Plaintiff,<br><br>-against-<br><br>Cloud9 Mobile Communications, Ltd., Cloud9 Mobile Communications (Wholesale Services), Ltd., Cloud9 Mobile International, Ltd., Wire9 Telecom, Ltd., Cloud9 Mobile Communications PLC, David Sutton, Lee Jones, Jean Christophe Viguier, and Martin Holloway,<br><br>               Defendants. | Case No. 09 CV 7268 (HB)(FM)<br><br>ECF CASE<br><br><br>**DECLARATION OF DONOVAN L. WICKLINE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, DONOVAN L. WICKLINE, declare as follows:

      1.      I am a member of the bar of the State of New York and of this Court, and represent Defendants Cloud9 Mobile Communications, Ltd.(formerly known as Cloud9 Mobile Communications PLC), Cloud9 Mobile Communications (Wholesale Services), Ltd., Cloud9 Mobile International, Ltd., Wire9 Telecom, Ltd., David Sutton, Jean Christophe Viguier, and Martin Holloway ("Defendants").

      2.      I submit this Declaration in further support of the joint application of Defendants for dismissal of Plaintiff's Complaint (1) pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(2) for lack of personal jurisdiction, or, alternatively, (2) pursuant to FRCP Rule 12(b)(3) for improper venue and *forum non conveniens*, or, alternatively, (3) pursuant to FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

      3.      Attached to this Declaration as Exhibit A is a true and correct copy of the Plaintiff's Complaint dated July 7, 2009.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
        September 14, 2009

_____
DONOVAN L. WICKLINE

# EXHIBIT A

Supreme Court of the State of New York
New York County

---

Bluefire Wireless, Inc.                          Index No. 650407/2009

     Plaintiff

v.

Cloud9 Mobile Communications Ltd          **Summons**
Cloud9 Mobile Communications (Wholesale Services) Ltd,
Cloud9 Mobile International Ltd,
Wire9 Telecom Ltd.
Cloud9 Mobile Communications PLC
David Sutton, Lee Jones, Jean Christophe Viguier, Martin Holloway

     Defendants

---

To the Above Named Defendants:

You are hereby commanded to answer the complaint in the above action and
to serve a copy of your answer within 30 days of the date of service of the
complaint exclusive of the date of service and in case of your failure to
appear or answer, judgment will be taken against you for the relief
demanded in the complaint.

The basis of venue is the county in which the cause of action of action arose
and the plaintiff's place of business.

Dated: July 15, 2009

                              Howard A. Gutman
                              Attorney for Plaintiff

Supreme Court of the State of New York
New York County

---

Bluefire Wireless, Inc.                          Index No.  650407/2009

     Plaintiff

v.

Cloud9 Mobile Communications, Ltd          **Complaint and Jury Demand**
Cloud9 Mobile Communications,
Cloud9 Mobile International Ltd ,
Wire9 Telecom Ltd.  Cloud9
Mobile Communications, PLC
David Sutton, Lee Jones, Jean Christopher
Viguier, Martin Holloway

     Defendants

---

Plaintiff by way of complaint says,

**Count One Fraud**

1. Plaintiff is a Delaware corporation with its primary office located at 515
Madison Avenue, New York, New York.  It is engaged in the business of
supplying telecommunications services to consumers and businesses in the
United States and elsewhere.  Among its products is a SIM card which can
be used on various mobile telephones enabling the user to make calls in
various places and venues.

A SIM or Subscriber Identity Module card is a portable memory chip used in
many models of cellular telephones. The SIM card enables the user to switch
to a new phone by sliding the SIM card into that phone.   The SIM card holds
personal identity information such as cell phone number, phone book, text
messages and other data, and has been analogized to a miniature hard disc.

2. The Bluefire SIM card is sold in various United States airports by Delta,
American and other airlines, in selected bookstores such as Hudson News,
and in other locations.   An American consumer could purchase this SIM Card
at a U.S. location and be able to make telephone calls on his mobile phone in
various countries and the United States at competitive rates.   Until many of
the events forming the basis of this complaint, Bluefire was a growing
company with an increasing presence in this market.

3. Defendant Cloud9 Mobile Communications, Ltd is a company chartered or
incorporated on the Isle of Man engaged in the telecommunication business
and stated it possessed a network allowing the placement of telephone calls.

1



Through its own stated capability and affiliations with other entities, Cloud9 would provide various mobile telephone services including the sale or distribution of SIM cards allowing the use of telephone and text messaging services on mobile telephones. Cloud9 would maintain various records recording use and providing billing for such use.

Cloud9 is comprised of a network of inter-related companies which are collectively referred to as Cloud9 and include: Cloud9 Mobile Communications ltd, Cloud9 Mobile International Ltd and Wire9 Telecom Ltd., Cloud9 Mobile Communications, Ltd, Cloud9 Mobile Communications, PLC.

4. Plaintiff and defendant Cloud9 entered into an agreement under which defendant would provide SIM cards and other services to plaintiff. Under the terms of this arrangement, the operation of various statutes and common law, defendant had certain obligations including the following:

a) provide truthful and accurate information regarding the usage of its products, including providing true and accurate invoicing to plaintiff and third parties,

b) comply with applicable telecommunication laws and statutes,

c) not defraud or mislead customers of each entity or the public,

d) advertise its services and provide presentations based upon accurate and truthful information,

e) not sell the same product or service twice or three times, or misrepresent ownership or use,

f) exercise good faith and fair dealing,

g) where misrepresentations or false statements were made, properly correct and disclose same,

h) cooperate with legitimate requests for information or billing verification so that plaintiff could confirm that it and/or its customers and affiliates were being properly billed for goods and services.

5. Defendant engaged in multiple violations of these obligations beginning January 1, 2008 and continuing to the present including but not limited to:

1    **False  Customer Balances** - Cloud9 was obligated to compute and
transmit customer balances to Bluefire and other persons and entities.
Cloud9 deliberately provided false and deceptive  balances  for
numerous customers

2    **SIM Not Found** - Cloud9 has taken various SIM numbers and
transferred, misused, or attempted to sell them.  There include
numbers owned or secured by plaintiff which defendant has attempted
to sell to third parties without permission or consent.   An entity
named Go Global SIM informed plaintiff that Cloud9 had sold it cards
belonging to or registered to plaintiff.

3    **False and Misleading Accounting of Customer Usage**-  Cloud9
was obligated to provide a true and accurate accounting of customer
usage from its records.  Instead the records it provided were false and
fraudulent, misstating and miscalculating customer usage.  For
example, a representative of plaintiff advised David Sutton, in a
meeting on 2/20/09 of conflicting financial figures, and Sutton could
not answer as to why usage numbers were inaccurate and sometimes
self-contradictory.   Sutton was the wholesale manager involved with
the account.  Sutton indicated in that meeting that he would provide
plaintiff with an answer explaining the reason for the variation in
numbers, but has failed to provide such an explanation.

4    **Fraudulent Top UP's** -  Service are periodically added, called Topups
in the industry.  Cloud9's records have provided fraudulent top up's in
various forms and ways.  One review found discrepancy and fraudulent
charges of or exceeding totaling $279,615.85.  Deceptive practices in
the top up area included having individual PIN numbers that had been
assigned to more than one SIM card number, to defraud not only
plaintiff but its customers and distributors.

5    **MO Calls**- Bluefire should not be charged under applicable rules and
practices for a network that is not directly under its control.  Though
aware of and having agreed to be bound by this practice, Cloud9
issued a fraudulent invoice for charges.

6    **Switch to TIM**  - In the spring of 2008 Cloud9 advised they were
switching their signaling network provider from BPL Mobile
Communications based in India to another entity.   U.S. Citizens would
purchase SIM cards issued by Cloud9 that were represented to provide
easy access and usage in various countries.



Cloud9 informed plaintiff that the switch would be a seamless transition with remote programming that would not affect customers or interrupt service. When the change took place, there were substantial problems that could not be corrected resulting in elimination of a substantial part of plaintiff's active customer base. Cloud9 was only able to switch over less than 50% of the active customers, many SIM cards were deactivated by Cloud9 during the changeover, and other problems arose. Bluefire has never recovered the lost customers and therefore the business was lost. In addition, other commercial accounts were affected.

Subsequently plaintiff discovered that defendant did not have a direct contract with BPL as they represented and that it was in fact a three way contract which involved IXUS a United States company located in Boston, Massachusetts. Had the true facts been disclosed, plaintiff would not have entered into this agreement.

7    **Usage Charges**- Cloud9 has invoiced plaintiff usage. Initial calculations indicate plaintiff has overpaid usage by a substantial amount with calculations and auditing continuing. Plaintiff's task has been compounded by defendant's refusal to provide information, documents, interviews, and providing false, misleading, or incomplete reports and statements.

8    **Country to Country Rates** - There has been continual improper or unauthorized changes in various rates. Sutton has continually provided false or misleading explanations regarding rates and practices such as IOT charges, signaling charges and currency adjustments sterling to dollar, and failed to notify plaintiff or disclose the deception.

9    **Fraudulent Transfer of Bluefire SIM Numbers** - Several Bluefire SIM card numbers which were sold to one of our resellers were part of a Top Up fraud. When discovered in January 2009, plaintiff informed Mr. Sutton of the fraud and in response he stated he immediately disabled the numbers for plaintiff's protection. Later plaintiff was contacted by Go Global SIM another Cloud9 customer (like Bluefire), who informed it that they were in possession of Bluefire SIM numbers given to them by Cloud9. Go Global SIM reported this as an unlawful act to United States enforcement agencies for violations which include credit card fraud.

4



10    **Rebate Charges** - Cloud9 provided a rebate on incoming call charges from callers with the level of rebate to vary between charge periods. Peak was weekday daytime between 8am and 6pm, off-peak outside this, and super off-peak, all weekend. There was a difference of approximately 4.43 cents a minute on calls between off-peak and super off-peak. Cloud9 deliberately misallocated charges to increase its revenue.

11    **IOT (Inter Operator Charges) Charges** - Cloud9 provided a list of countries where Bluefire would receive IOT Charges (Inter Operator Charges) on calls made. Cloud9 has charged  for IOT Charges in countries that are not on their IOT country list.

12    **0 Balances** - Cloud9 allowed Bluefire customers to make and receive calls after they had a 0 balance on their account causing charges which could not be recovered.

13    **External Relationships**. – Cloud9 falsely or deceptively represented its status and licensure.

14    **SMS (Texting)** During the period of operation with C9, there were frequent problems with SMS texting not working in countries including Australia and Israel, though defendant had represented that texting system were in place.

**15**    **Fraudulent Inducement** into Contract Cloud9 made false statements to induce plaintiff into entering into the relationship with it.

**16**    **Other Deception** Cloud9 made other false and deceptive statements during the parties' relationship.

**Damages**

6. As a result of the above wrongful acts, plaintiff has suffered various damages.

7. It has paid substantially more than was required under the terms of any agreement, arrangement, protocol or term and seeks to recover the amounts fraudulently obtained.

8. Plaintiff has lost many customers, lost advantageous business relationships and sustained a substantial loss of income and profits as a result of these deceptions. Such lost income, profits, and other damages



have occurred and will continue in the future beyond the date of this complaint.

9. Plaintiff has suffered various types of other incidental and consequential damages and incurred other costs. Beyond direct costs, there were other consequences of defendant's actions including costs for investigation and employee time to identify and detect the fraud, and costs and expenses associated with the work of outside persons or entities.

10. Plaintiff is and will be subject to liability from customers, vendors, and other persons to whom it arranged to sell defendants' products unaware of their deceptions.

**Unsuccessful Attempts to remedy the deceptions**

11. Plaintiff has requested by correspondence, email, and oral request, made by various persons in different ways, that defendant do the following:

a) correct the misrepresentations and provide an accurate and truthful accounting,

b) cooperate with auditing procedures so that the appropriate amounts due can be determined and confirmed by plaintiff, third parties can be advised of such numbers, and accurate information can form the basis for any future dealings.

c) fulfill obligations to third parties so that plaintiff is not potentially liable and those persons are not defrauded or deceived.

d) provide appropriate refunds to plaintiff and third parties.

12. Defendant Cloud9 has repeatedly refused each and all of these requests .

13. The commission of these acts was not limited to plaintiff. Instead, investigation revealed a systematic fraud impacting other companies including entities called Go Global, Ltd, and Osis8, Limited. As with plaintiff, these wrongful acts included the creation of false balances, misuse of SIM numbers, false accounts of customer usage, fraudulent top ups, false representations about network capabilities and transfer of customer accounts, calculation of peak and off-peak charges, charges after 0 balance, false representations and charges regarding texting.

**Count Two Venue**

1. Plaintiff repeats the allegations set forth above. Venue of this claim should be the United States and specifically New York by virtue of the following.

*Impact upon American citizens and businesses*

6



2.  Individual users and purchasers who were American citizens were deceived finding cards could not be used as represented, billing was improper, or other deceptions occurred.  Bluefire has received numerous correspondence, emails and/or calls from those deceived.  Plaintiff is or may be subject to potential liability for fraud or deception occasioned by Cloud9's deceptions and subject to suit in American courts based upon same.   United States jurisdiction will enable such suits to be consolidated or discovery coordinated so that plaintiff is not held liable for its reliance upon Cloud9's deceptive and unlawful practices.

3.  United States airlines and other businesses which sold these cards were impacted and affected, and United States laws, statutes, and regulations were violated.  Third parties, persons or entities which were deceived or defrauded, and/or may have documents relevant to this matter, and/or serve as witnesses, are located in New York or the tri-state area and would be accessible to subpoena.

4. Defendant utilized the United States mail, instrumentalities of commerce in the United States to effect the deceptions and unlawful conduct, and there are pending investigations of defendant's fraud.   Many transactions came through banks in the United States and impacted other United States entities.

5. Defendant has profited through its activities in or impacting the United States and should be subject to jurisdiction here.

### Count Three Violation of New York and other States Deceptive Practices Statutes

1. Plaintiff repeats the allegations contained above.

2. These acts, practices, statements, constitute common law fraud, breach of contract, negligence, violation of New York and United States statutes including the New York Deceptive Business Practices law.

3. These acts, practices, statements, constitute common law fraud, breach of contract, negligence, occurred and impacted other states and therefore violated the deceptive practice and consumer fraud statutes of New Jersey, California, Washington, and other states in the United States.

### Count Four State Rico

1. Plaintiff repeats the allegations contained above.

2. Defendant violated state fraud laws and other statutes, committed fraud on multiple occasions impacting multiple persons and entities, and violated state and federal Rico laws.  Selling fraudulent or misrepresented telecom

7



services or SIM cards to United States citizens, providing false accountings, creating fraudulent invoices and the other conduct set forth herein violates state and federal law allowing claims to be brought under state and federal civil Rico statutes.

### Count Five Negligence and Negligent Misrepresentation

1. Plaintiff repeats the allegations contained above.

2. By way of alternative pleadings, plaintiff alleges that the statement were negligently made, and constituted negligent misrepresentations.

### Count Six Breach of Contract and Implied and Express Warranty

1. Plaintiff repeats the allegations contained above.

2. These acts, practices, statements, constitutes breach of express or implied warranties present in their transaction including those of fitness and merchantability.   Defendant made false statements, affirmations of fact, in both written and oral form which constituted express warranties and were breached and violated.

### Count Seven Punitive Damages

1. Plaintiff repeats the allegations contained in counts 1-6.

2.  Defendant engaged in deliberate fraudulent acts which subjects itself to punitive damages under New York law, United States law, and the law in other jurisdictions.

3. The acts of deliberate deception was not an isolated or inadvertent event but represented a calculated policy of deception and fraud as indicated by the following:

a) there were too many discrepancies to be attributable to inadvertence,

b) the errors were of the same type or design,

c) the defendants refused to investigate or cooperate in an audit.

4. Additionally, plaintiff was not the only entity victimized by these deceptions.  Third parties Go Global SIM Limited, and OCIS8, Limited discovered similar billing discrepancies and provided information regarded such practices.  Thus there was an overall scheme and plan to enhance profits through overcharges, deceptions, and falsified records.



5. Defendant has accrued substantial profits and acquired an unfair advantage over competitors as a result of its false billing scheme.

### Count Eight Individual defendants.

1. Plaintiff repeats the allegations contained above.

2. David Sutton holds the position of Account Manager for Cloud9. He was responsible for the day to day administration of this account. Martin Holloway was during the relevant time a managing director. Jean Christopher Viguier was a director or office and Lee Jones served as a director, and each were involved with the formulation and execution of the policies and practices set forth in the complaint. These persons shall be collectively referred to as the individual defendants.

3. The individual defendants helped arrange, perpetrate, facilitate, and conceal the deceptive practices, improper billings and other actions set forth in the complaint. Despite knowing of false or deceptive billing schemes and fraudulent practices done by Cloud9, they did not disclose these to plaintiff even when confronted and engaged in a policy and practice of concealing same.

### Prayer for Relief

Wherefore plaintiff demands judgment

a) for a sum equal to or exceeding 5 million dollars in compensatory and the same amount in punitive damages,

b) an injunction restraining unlawful practices occurring in the United States and requiring acts to undo them to the extent monetary damages would be an inadequate remedy and would inadequately protect the public and third persons or parties.

c) an accounting of all monies charged,

d) restitution and repayment of all monies fraudulent or improperly obtained,

e) return of property including cards and other items improperly taken or not returned,

9



**Jury Demand**

Plaintiff demands a trial by jury.

Dated: July 7, 2009

_____
Howard A. Gutman

Law Office of Howard A. Gutman
305 Madison Avenue, Suite 449
New York, New York 10165
(973)598-1980, (212) 886-4838

10