UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
BLUEFIRE WIRELESS, INC.,                                    :
                                                            :
                                    Plaintiff,              :        09 Civ. 7268 (HB)
                                                            :
            -against-                                       :        OPINION & ORDER
                                                            :
CLOUD9 MOBILE COMMUNICATIONS, LTD.,                         :
CLOUD9 MOBILE COMMUNICATIONS                                :
(WHOLESALE SERVICES), LTD., CLOUD9                          :
MOBILE INTERNATIONAL LTD., WIRE9                            :
TELECOM LTD., CLOUD9 MOBILE                                 :
COMMUNICATIONS, PLC, DAVID SUTTON,                          :
LEE JONES, JEAN CHRISTOPHE VIGUIER, and                     :
MARTIN HOLLOWAY,                                            :
                                                            :
                                    Defendants.             :
-------------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

Plaintiff Bluefire Wireless, Inc. ("Bluefire" or "Plaintiff") filed its Complaint in this action against Cloud9 Mobile Communications, Ltd., Cloud9 Mobile Communications (Wholesale Services), Ltd. ("Cloud9 Wholesale"), Cloud9 Mobile International Ltd., Wire9 Telecom Ltd., Cloud9 Mobile Communications, PLC, ("the Cloud9 Entities"), David Sutton, Lee Jones, Jean Christopher Viguier and Martin Holloway (the "Individual Defendants") (collectively, "Defendants") in New York State Supreme Court, New York County, on or about July 15, 2009, alleging claims of fraud, deceptive trade practices, state RICO, negligent misrepresentation and breach of contract. Defendants timely removed the action to this Court on August 18, 2009. Defendants now move to dismiss the complaint for (1) lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, (2) improper venue due to an enforceable mandatory forum selection clause under Rule 12(b)(3) of the Federal Rules of Civil Procedure, (3) forum non conveniens and (4) failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion to dismiss is granted.

## I. FACTUAL BACKGROUND

Bluefire is a Delaware corporation with its principal place of business in New York. Bluefire's business is the supply of telecommunications services to customers and businesses,

including the sale of Subscriber Identify Module ("SIM") cards that enable mobile telephone users to make calls in various places, including outside the United States, and using various devices. Bluefire sells its SIM cards primarily through airlines and other retail outlets at American airports.

In 2006, Bluefire entered into a Master Services Agreement ("MSA") with Cloud9 Wholesale pursuant to which it purchased from Cloud9 Wholesale SIM cards and other services. The MSA includes a "Governing Law" provision that states that "[t]he Agreement shall be governed by, construed by and interpreted in accordance with English Law and [the] parties hereby submit to the exclusive jurisdiction of the English courts."[1] Amongst other arguments urging dismissal, most of which I need not reach, Defendants contend that the Governing Law provision of the MSA requires that this action be tried in England. I agree.

## II. DISCUSSION

Defendants move to dismiss for improper venue pursuant to Rule 12(b)(3)[2] because the MSA's forum selection clause, which states that the "parties hereby submit to the exclusive jurisdiction of the English courts," bars this action. Although Bluefire's arguments in opposition are somewhat difficult to discern, the principal arguments appear to be as follows: (1) claims that sound in fraud are outside the scope of the forum selection clause; (2) the clause should not be enforced because Bluefire was fraudulently induced into agreeing to the MSA; (3) enforcement of the forum selection clause would be unfair because it would cause severe inconvenience to Bluefire to have to litigate its claims in England; and (4) having removed this action from state court, Defendants cannot now challenge venue in this Court.

---

[1] Significantly, in both its Complaint and its opposition to the instant motion, Bluefire refers to the numerous Defendants in the singular as "Cloud9." However, the only Defendant with which Bluefire ever entered into any contract was Cloud9 Wholesale. The Complaint alleges only that the other Defendants comprise a "network of inter-related companies."

[2] "The Supreme Court has not specifically designated a single clause of Rule 12(b) as the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause." *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 822 (2d Cir. 2006) (internal quotations omitted); *see also CFirstClass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 236-27 (S.D.N.Y. 2008) ("There is a split of authority in the Second Circuit regarding the appropriate procedural mechanism by which to enforce a forum selection clause."). Here, Defendants' motion is brought pursuant to Rule 12(b)(3) for improper venue. While the case law suggests that this Court need not address whether this provision is indeed the proper mechanism to use, it is worth nothing that other courts in this Circuit have also addressed the enforceability of a forum selection clause under Rule 12(b)(3). *See, e.g.*, *Universal Grading Serv. v. eBay, Inc.*, 08-CV-3557 (CPS), 2009 U.S. Dist. LEXIS 49841, at *34 (E.D.N.Y. June 10, 2009); *BNY AIS Nominees Ltd. v. Quan*, 609 F. Supp. 2d 269, 271 (D. Conn. 2009); *CFirstClass*, 560 F. Supp. 2d at 327; *Weingrad v. Telepathy, Inc.*, 05 Civ. 2024 (MBM), 2005 U.S. Dist. LEXIS 26952, at *16 (S.D.N.Y. Nov. 7, 2005).

To determine whether to dismiss claims based on a forum selection clause, the Court must undertake a four-part inquiry. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). The moving party must show (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause is mandatory and not permissive; and (3) the claims and parties in the suit are subject to the clause. *Id.* If these three elements are established, the forum selection clause is presumptively enforceable and the burden shifts to the non-moving party to "mak[e] a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383-84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("*The Bremen*")). This is a heavy burden, and "[w]here forum selection clauses grow out of arms-length negotiations between sophisticated business persons, such a showing is difficult to make." *Russbeer Int'l LLC v. OAO Baltika Brewing Co.*, 07-CV-1212 (CBA), 2008 U.S. Dist. LEXIS 25471, at *12 (E.D.N.Y. Mar. 31, 2008).[3]

Several courts in this Circuit have puzzled over what law to apply to this analysis when the contract also contains a choice of law provision, as the MSA does here. *See, e.g.*, *Phillips*, 494 F.3d at 384. There is no doubt that the first and fourth steps of the analysis – whether the clause was communicated to the non-moving party and whether enforcement would be reasonable – are procedural in nature and are to be analyzed under federal law. *See id.* However, the *Phillips* court was troubled by the application of federal law to the second and third prongs of the inquiry, which concern the meaning and scope of the forum selection clause, and noted that "[l]ittle discussion of the issue can be found in federal court decisions." *Id.* at 385. The court noted that it could not "understand why the interpretation of a forum selection clause should be singled out for application of any law other than that chosen to govern the interpretation of the contract as a whole." *Id.* at 386 (citing *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418 (10th Cir. 2006)) Nevertheless, the *Phillips* court found that the parties had consented to the application of federal law because they had neither objected to the lower court's citation to federal law nor had cited any English law in their briefs.

Here, the MSA contains a choice of law clause that provides that English law is to govern any interpretation of the contract. However, neither party cites to a single case from the English courts or that applies English law regarding the enforceability of a forum selection clause, nor

---

[3] Here, Bluefire does not appear to dispute that the first two elements have been met – that is, it is undisputed that the clause was reasonably communicated to Bluefire and the clause is unambiguously mandatory. Rather, it argues that the claims do not fall within its scope, and to enforce it would be unreasonable.

does either party submit a declaration from an English barrister that purports to interpret the forum selection clause under English law. Under these circumstances, this Court will analyze the effect of the forum selection clause on Bluefire's claims in accordance with federal precedent.

    *1.   Whether Bluefire's Tort Claims Are Within the Scope of the Forum Selection Clause*[4]

"The Second Circuit has endorsed an expansive reading of the scope of forum selection clauses, in keeping with the policy favoring their use." *Universal Grading Serv.*, 2009 U.S. Dist. LEXIS 49841 at \*50 (citing, *inter alia*, *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir.), *cert. denied*, 510 U.S. 945 (1993)). Thus, the mere fact that Bluefire's Complaint includes claims other than breach of contract (*i.e.*, fraud, negligent misrepresentation, deceptive trade practices) is not itself dispositive; rather, "whether the clause encompasses these claims depends on the language of the clause itself." *Direct Mail*, 2000 U.S. Dist. LEXIS 12945 at \*13-15 (citing *Roby*, 996 F.2d at 1361).[5] Courts have held that a forum selection clause will also encompass tort claims if the tort claims "ultimately depend on the existence of a contractual relationship between the parties, or if the resolution of the claims relates to interpretation of the contract, or if the tort claims involve the same operative facts as a parallel claim for breach of contract." *Id.* at \*16-17 (citations omitted). "Regardless of the duty sought to be enforced in a

---

[4] Neither party raises the issue of whether the Defendants who are non-signatories to the MSA (*i.e.*, all Defendants other than Cloud9 Wholesale) have the right to enforce the forum selection clause. Having already determined that Bluefire's claims against all Defendants other than Cloud9 Wholesale must be dismissed for lack of personal jurisdiction, it is not strictly necessary for the Court to determine this issue. Nevertheless, it is worth noting that the non-signatory Defendants likely could enforce the forum selection clause, even if they were subject to personal jurisdiction in this forum. Courts in this Circuit have held that a range of transaction participants, parties and non-parties should benefit from and be subject to forum selection clauses. *See, e.g.*, *Universal Grading Serv.* 2009 U.S. Dist. LEXIS 49841 at \*54-55; *see also Aguas Lenders Recovery Group LLC v. Suez, S.A.*, No. 08-1589-cv, 2009 U.S. App. LEXIS 23331, at \*12 (2d Cir. Oct. 23, 2009) ("We find ample support for the conclusion that the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause."). For a non-party to be able to invoke a forum selection clause, it must be "closely related" to the dispute such that it is "foreseeable that it will be bound." *Universal Grading Serv.*, 2009 U.S. Dist. LEXIS 49841 at \*54-55; *see also, e.g.*, *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No. 99 Civ. 10550, 2000 U.S. Dist. LEXIS 112945, at \*7-8 (S.D.N.Y. Sept. 7, 2000). "A non-party is 'closely related' to a dispute if its interests are 'completely derivative' of and 'directly related to, if not predicated upon' the signatory party's interests or conduct." *Weingrad*, 2005 U.S. Dist. LEXIS 26952 at \*16. Here, as previously noted, Bluefire refers to all Defendants in the singular as "Cloud9" and bases their alleged liability exclusively on the conduct of Cloud9 Wholesale. Accordingly, from Bluefire's own allegations, it appears that any potential liability of the non-signatory Defendants is "completely derivative of and directly related to, if not predicated upon" Cloud9 Wholesale's conduct, and thus enforcement of the forum selection clause seems perfectly proper. *See id.*

[5] Bluefire has cited several cases for the proposition that tort claims are outside the scope of forum selection clauses as a matter of law; yet, each of the cases that Bluefire cites deals with choice-of-law provisions and not forum selection clauses. *See Finance One Public Co. Ltd. v. Lehman Brothers Special Financing, inc.*, 414 F.3d 325 (2d Cir. 2005); *AMC Film Holdings LLC v. Rosenberg*, No. 03-CV-3835, 2006 WL 1154784 (E.D.N.Y. Apr. 28, 2006); *Twinlab Corp. v. Paulson*, 283 A.D.2d 570 (2d Dep't 2001). Bluefire's reliance on these cases is thus misplaced.

particular cause of action, if the duty arises from the contract, the forum selection clause governs the action." *Id.* at \*18 (quoting *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)); *Weingrad*, 2005 U.S. Dist. LEXIS 26952 at \*16-17.

In this case, it appears that the entire relationship between Plaintiff and Cloud9 Wholesale arises out of the MSA, and Plaintiff's claims for fraud, deceptive trade practices and the like appear to be inextricably intertwined with contract interpretation and Cloud9's performance under the MSA. Accordingly, all of Bluefire's claims against Cloud9 Wholesale are subject to the forum selection clause.

2. *Whether To Enforce the Forum Selection Clause Would Be Unfair or Unreasonable*

Cloud9 Wholesale having established the first three prongs of the inquiry set forth in *Phillips*, the burden now shifts to Bluefire to show that (1) the clause is the result of fraud or overreaching, (2) it would be deprived of its day in court as a result of the "grave inconvenience or unfairness" of the selected forum, (3) it may be deprived of a remedy due to the "fundamental unfairness of the forum," or (4) the clause contravenes a strong public policy of the forum state. *Roby* 996 F.2d at 1363.

*(a) Fraud in the Inducement*

Bluefire argues that because it alleges fraud in the inducement of the MSA, the forum selection clause also should not be enforced against it. Unfortunately for Bluefire, the case law in this Circuit is abundantly clear that an allegation of fraud in the inducement of a contract in general is insufficient to invalidate a forum selection provision; rather, the party must show that the forum selection clause itself was the product of fraud. *E.g.*, *J.B. Harris, Inc. v. Razei Bar Indus. Ltd.*, 98-9191, 1999 U.S. App. LEXIS 8577, at \*4 (2d Cir. May 4, 1999); *Brodsky v. Match.com LLC*, 09 Civ. 5328 (NRB), 2009 U.S. Dist. LEXIS 101167, at \*9 (S.D.N.Y. Oct. 28, 2009); *Stamm v. Barclays Bank of N.Y.*, 960 F. Supp. 724, 732 (S.D.N.Y. 1997) (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)). Bluefire's attempt to argue that the law is to the contrary is simply wrong. Indeed, if Bluefire's contention were true, that any allegation of fraud in a complaint could eviscerate a contractual forum selection clause, the law would be turned on its head. Here, Bluefire has made no allegation or argument that the forum selection clause itself was the product of fraud, and thus it cannot invalidate the clause on this basis.

*(b) Inconvenience of Litigating in Contractual Forum*

A party that attempts to avoid a forum selection clause by reason of inconvenience or unfairness has a hard row to hoe – it must "show that trial in the contractual forum will be so

gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." *The Bremen*, 407 U.S. at 18. Where a party shows that litigation in the contractual forum is "costly or difficult, but not that it is impossible" and has alleged no circumstances that would prevent it from bringing suit in that forum, it has not satisfied its burden. *See Phillips*, 494 F.3d at 393.

Here, Bluefire argues that this Court is the "better" forum because witnesses and documents are "more available" here than they would be in England. These arguments alone are insufficient under the applicable standard to overcome the presumptive enforceability of the forum selection clause. This is particularly so where Bluefire currently is litigating a case in English courts that was brought by Cloud9 Wholesale, and only recently asserted counterclaims that are identical to its causes of action in this action.

### (c) *Removal from State Court*

Finally, Plaintiff argues that because Defendants removed this action from state court, they cannot now be heard to argue that this is an improper venue. While it is true, in general, that removing defendants cannot base an argument of improper venue on the provisions of 28 U.S.C. § 1391, the law is clear that they can nonetheless argue that venue is improper in the state court from which the case was removed. *See PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998); *Guccione v. Harrah's Mktg. Servs. Corp.*, 06 Civ. 4361 (PKL), 2009 U.S. Dist. LEXIS 65388, at *6-9 n.6 (S.D.N.Y. July 29, 2009). Here, this is precisely what Defendants have done: their argument is premised on the contention that venue is improper in any court in New York because venue is proper exclusively in England pursuant to the forum selection clause. Thus, Defendants' having removed this action from New York Supreme Court does not preclude them from seeking to enforce the forum selection clause here.

* * *

Based on the foregoing analysis, the Court finds that Bluefire has failed to overcome the presumptive enforceability of the forum selection clause that requires that this litigation take place in the courts of England. Accordingly, this Court has no choice but to dismiss this action for improper venue.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.[6] The Clerk of this Court is instructed to close any open motions in this matter and to close this case and remove it from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**December 21, 2009**

_____
U.S.D.J.

---

[6] Having found that this action must be dismissed pursuant to the mandatory forum selection clause, this Court need not address Defendants' alternative arguments in support of dismissal under the doctrine of forum non conveniens, for failure to state a claim under Rule 12(b)(6) or for lack of personal jurisdiction under Rule 12(b)(2).